### FERGUSON ET AL V. FARGASON ET AL.

1. VERDICT: *Excessive, cured by remittitur.*
   An excessive verdict is cured by a remittitur of the excess.

.2. PRACTICE IN SUPREME COURT: *Bill of Exceptions.*
   Unless the bill of exceptions show whether the instructions copied in it were given or refused by the Circuit Court, and what was the ruling of the court upon appellant's right to close the argument in a cause, no question upon the instructions or the right to close the argument is before this court.

APPEAL from *Arkansas* Circuit Court.
Hon. X. J. PINDALL, Circuit Judge.

*E. L. Johnson,* for appellants :

The complaint, as amended, shows no cause of action in Fargason & Co., and though not demurred to, the objection was not waived. *Newman Plead and Pr., p.* ——. The suit should have been in the name of the real party in interest. No one, under the Code, except trustees, etc., can sue for the use of another. *Gantt's Digest, sec.* ——; *State, use,* v. *Rottaken,* 34 *Ark.,* 144.

A debtor, in the absence of an agreement to the contrary, has the right to direct the appropriation of payments, and it is the policy of the law to apply payments to debts the most onerous. 26 *Ark.,* 517 ; 30 *Ib.,* 445 ; 32 *Ib.,* 664 ; 2 *Curtis Rep. U. S. Sup. Ct., p.* 121.

Defendants, having the onus, were entitled to the closing of the argument. 29 *Ark.,* 153, *and cases cited.*

ENGLISH, C. J. This action was brought in the Circuit Court of Arkansas county, by John T. Fargason, James A.

Hunt and Charles C. Hine, late partners under the firm name of J. T. Fargason & Co., against Austin H. Ferguson and William Ferguson, on the following note:

"MEMPHIS, TENN., Feb'y 10, 1874.

"$1900.00.

"One day after date we promise to pay to the order of Fargason & Clay nineteen hundred dollars, at their office, in Memphis, with interest at ten per-cent. from date, value received.

"A. H. FERGUSON,
"W. H. FERGUSON."

The original complaint set out the note, and admitted a credit of $30.05, as of June 30th, 1875, and a credit of $648.55, as of March 25th, 1876, endorsed on the note.

It was also alleged that at the time the note was executed, plaintiff, John T. Fargason, was a member of the firm of Fargason & Clay, and that said firm was, by mutual consent, dissolved, and the new firm of J. T. Fargason & Co. (the plaintiffs) succeeded the firm of Fargason & Clay, and become the owners of the assets of said firm, and were the sole owners of the note sued on.

That since plaintiffs became the owners of the note they had taken into the copartnership R. A. Parker, and were still doing business under the firm name of J. T. Fargason & Co., but that Parker had no interest in the note sued on. Prayer for judgment for balance due on the note.

The defendants demurred to the complaint, on the grounds:

1. Plaintiffs show no legal authority to sue on the note.

2. For want of proper parties in this, that C. C. Clay, one of the payees in the note sued on, is not made a party plaintiff, he being in full life.

3. Variance between the complaint and the note sued on, in this, that the complaint claims interest at ten per cent., and the note bears but six per cent.

The court sustained the demurrer, and an amended complaint was filed in the late firm name of Fargason & Clay, for the use of J. T. Fargason & Co., and in other respects the allegations were the same as in the original complaint.

Prayer that plaintiffs, Fargason & Clay have judgment, for the use of J. T. Fargason & Co., for balance due on the note, with legal interest.

Defendant, Austin H. Ferguson, filed a separate answer, in which he admitted the execution of the note as stated in the complaint, but alleged that it had been fully paid by the proceeds of fifty bales of lint cotton, shipped to plaintiffs by him and his co-defendant, and by plaintiffs sold, and by defendants directed to be applied to the payment of the note.

Defendant, William H. Ferguson, also filed a separate answer, in two paragraphs.

In the first he admits the execution of the note as alleged, but avers that he signed it as surety of his co-defendant; and that in February, 1876, and at divers times during the winter and spring of 1875 and 1876, and when his co-defendant, Austin H. Ferguson, the principal in the note, was solvent, and after plaintiffs' right of action had accrued, he gave plaintiffs notice, in writing, to sue on said note, and that no suit was brought upon the note within thirty days after such notice, as required by law, whereby he was exonerated from all liability on the note, etc.

The second paragraph alleged that the note had been fully paid by the proceeds of fifty bales of lint cotton, shipped to plaintiffs by defendant and his co-defendant, in the years 1874 and 1876, and the proceeds thereof directed by defendants to be applied to the satisfaction of the note, etc.

The issues were submitted to a jury twenty-sixth March, 1880, and a verdict returned in favor of plaintiffs for $2082.36.

Plaintiffs entered a remittitur for $272.36, and judgment was rendered in favor of "plaintiffs, John T. Fargason, James A. Hunt and Charles C. Hine for $1810.00, for their debt and damages, with interest thereon at six per cent. from the rendition of the judgment," etc.

Defendants moved for a new trial on the following grounds :

1. Error in assessment of damages.

2. Verdict not sustained by evidence, and contrary to law.

3. Court erred in refusing instruction numbered two, moved for defendants.

4. In giving instruction numbered three, moved for plaintiffs.

5. In refusing defendants the closing of the argument, the burthen of the proof being upon them in the case.

The court overruled the motion, and defendants took a bill of exceptions and appealed.

I. It is submitted by counsel for appellants, that there is error on the face of the record, for which the judgment should be reversed ; in this, that by the amended complaint, Fargason & Clay, payees of the note, were made plaintiffs in the suit, when under the Code practice J. T. Fargason & Co., their successors, the holders and owners of the note, and real parties in interest, should have been plaintiffs.

So the suit was brought originally, but the court sustained a demurrer to the complaint, interposed for appellants, on the ground that Clay, one of the payees in the note, was not made a party plaintiff. Whereupon an amended complaint was filed in the name of Fargason & Clay, for the

30–38

use of J. T. Fargason & Co., the owners and holders of the note, in accordance with the practice before the Code.

Appellants did not demur or otherwise object to the amended complaint in the court below.

The final judgment, however, was rendered in the names of the persons composing the firm of J. T. Fargason & Co., the actual, though not the formal plaintiffs, and so in the end there was no substantial departure from the Code practice.

II.   The excess in the verdict was cured by the remittitur below.

III.   The answers were in confession and avoidance, and the *onus probandi* was on appellants.   The testimony was in conflict, appellants swearing in support of the defenses set up in the answers, and Fargason and Parker, the bookkeeper of Fargason & Clay, swearing to the contrary.   The jury were the judges of the weight of the evidence, and they found for appellees.

2. BILL OF EXCEP- TIONS: Must show rulings of the court at the trial.

IV.   The bill of exceptions states that the "plaintiffs moved for the following instructions as the law of the case." Then follow eight instructions; but the bill of exceptions does not state that the court gave any of them. If the court gave any or all of the instructions, it should have been shown by the bill of exceptions, and if appellants excepted to the ruling of the court in giving any of them, it should have been so stated, designating which.

V.   So the bill of exceptions states that the "defendants also asked for the following instructions as the law in their behalf, to-wit:" Then follow three instructions; but the bill of exceptions fails to state that any of them were given or refused, or that the court made any ruling upon them.

VI.   Nor does the bill of exceptions state that the court refused the defendants the closing of the argument, or that it made any ruling about the argument.

VII. If any question of law was ruled by the court against appellants, the bill of exceptions fails to show it. Counsel must remember that statements, in a motion for a new trial, amount to nothing unless shown by the bill of exceptions to be true.

The judgment must be affirmed.